IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON EUGENE SWANEY,

    Plaintiff,

-vs-

ANDREW M. SAUL,[1]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 18-1530

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Gregory A. Mills, III, held a hearing on June 6, 2017. (ECF No. 8-3, pp. 2-50). On August 14, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Mental Impairments at Steps Two and Five</u>

Plaintiff argues that the ALJ erred in concluding that his PTSD, anxiety, neurocognitive disorder, memory problems and borderline intellectual functioning were not severe impairments at step two of the sequential analysis. (ECF No. 13, pp. 9-13). Plaintiff further argues that the residual functional capacity (RFC)[2] at step five is not based on substantial evidence because the ALJ failed to consider his mental impairments. *Id.* at pp. 13-14 Therefore, Plaintiff submits that remand is warranted. *Id.* After a review of the record, I agree.

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.924(a). An impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R.

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

§416.924(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.924(a).

In this case, the ALJ found Plaintiff to have certain severe and non-severe impairments. (ECF No. 7-2, p. 29). In considering that Plaintiff's mental impairments, the ALJ noted that Plaintiff did not allege disability based on mental impairment but considered it because "the medical evidence of record established the medically determinable mental impairments of anxiety and posttraumatic stress disorder."[3] (ECF No. 8-2, p. 17). The ALJ went on to find Plaintiff's mental impairments were "no more than mild," and, therefore, to be non-severe. *Id.* at pp. 17-18.

Typically, when an ALJ finds at least one impairment to be severe and continues with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Rather, the ALJ proceeds beyond step two and, in so doing, an ALJ makes an RFC determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RCF.

The error in this case, however, is not harmless. As just mentioned, in determining an RFC at step five, an ALJ must consider all of a claimant's impairments, including non-severe impairments. 20 C.F.R. §404.1520(e) and 404.1545; SSR 96-8p. Despite acknowledgement that he must consider all evidence and all symptoms, both severe and non-severe, at step five,[4] the ALJ fails to recognize, mention or discuss Plaintiff's mental impairments at step five. (ECF

---

[3] I note that, in May of 2015, Plaintiff added memory issues to his allegations. (ECF No. 8-8, p. 37).

[4] The ALJ specifically notes that the mental RFC assessment used at steps 4 and 5 "requires a more detailed assessment by itemizing various functions…." (ECF No. 8-2, p. 18).

4

No. 8-2, pp. 18-22). Based on the same, I am unable to conduct a meaningful review to determine if the RFC is based on substantial evidence. Therefore, I find that remand on this basis is warranted. On remand, the ALJ is instructed to consider all impairments in determining the RFC, including non-severe impairments.[5]

An appropriate order shall follow.

---

[5] Plaintiff argues that the ALJ erred, in the first instance, in determining that his mental impairments were non-severe. (ECF No. 13, pp. 9-13). Since I am remanding as set forth above, all issues, including those at step two, shall be revisited *de novo*.

Additionally, I note that after the ALJ rejected the mental opinion evidence at step two, there was no other mental opinion evidence of record. In other words, there is no other opinion evidence of record regarding Plaintiff's functional mental abilities upon which the ALJ could have relied upon in forming the RFC for Plaintiff. *Id.* "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). To that end, Plaintiff argues that the ALJ should have ordered a consultative examination. (ECF No. 13. p. 14). The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a). If on remand, the ALJ determines a consultative examination is warranted, he/she may order one as he/she deems warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON EUGENE SWANEY, )
　)
　　Plaintiff, )
　)
　-vs- ) Civil Action No. 18-1530
　)
　)
ANDREW M. SAUL,[6] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 3rd day of February, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[6] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.